Tagged Opinion



**ORDERED in the Southern District of Florida on February 11, 2009.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION


**In re:**                                                              **CASE NO.: 08-19057-EPK**

**ANITA FOSTER,**                                                       **Chapter 7**


         **Debtor.**
_____/


**MEMORANDUM ORDER (I) DENYING IN PART UNITED
STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO
11 U.S.C. § 707(b)(1) BASED ON PRESUMPTION OF ABUSE
ARISING UNDER 11 U.S.C. § 707(b)(2) AND ABUSE ARISING UNDER
11 U.S.C. § 707(b)(3) AND (II) SETTING STATUS CONFERENCE TO
CONSIDER THE UNITED STATES TRUSTEE'S MOTION
TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(3)**

**THIS MATTER** came before the Court for preliminary hearing on November 20, 2008 upon the *United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) based on Presumption of Abuse Arising Under 11 U.S.C. § 707(b)(2) and Abuse Arising Under 11 U.S.C. § 707(b)(3)* (the "Motion to Dismiss") [DE 28]. At the preliminary hearing, upon

1

agreement of counsel, the Court bifurcated the Motion to Dismiss. In accordance with this Court's *Order Establishing Briefing Schedule on United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(1) Based Upon Presumption of Abuse Arising Under 11 U.S.C. § 707(b)(2) and Abuse Arising Under 11 U.S.C. § 707(b)(3),* the parties submitted briefs on the issue of dismissal under 11 U.S.C. § 707(b)(2), the only issue currently before the Court. Having considered the Motion to Dismiss and the briefs submitted by the parties, having reviewed the applicable law, and for the reasons stated below, the Court denies the Motion to Dismiss to the extent it relies on 11 U.S.C. § 707(b)(2). The Court will set a status conference to address the remaining allegations presented in the Motion to Dismiss, which focus on 11 U.S.C. § 707(b)(3), including the scheduling of an evidentiary hearing as necessary.

I.    Facts

The facts necessary to determine whether dismissal is appropriate under 11 U.S.C. § 707(b)(2) are not in dispute.[1]

Anita Foster (the "Debtor") filed a Chapter 7 petition on June 30, 2008. The Debtor filed her Schedules, Statement of Financial Affairs, and *Chapter 7 Statement of Current Monthly Income and Means-Test Calculation* (the "Official Form 22A") also on June 30, 2008 [DE 1, 5]. According to the Debtor's calculations on Official Form 22A, the presumption of abuse does not arise under 11 U.S.C. § 707(b)(2).

On Schedule A, the Debtor listed her home in Wellington, Florida (the "Real Property"), held jointly with her former husband, with a value of $350,000. The Real Property is encumbered by a first mortgage in the approximate amount of $316,455.46 and a second

---

[1] In the Motion to Dismiss, the United States Trustee alleges that the Debtor's "means test" calculation under 11 U.S.C. § 707(b)(2) requires a number of corrections to properly reflect the facts in this case. The Debtor disputes the United States Trustee's proposed adjustments to the means test. Because the Court's decision under 11 U.S.C. § 707(b)(2) is based solely on the issue of payments on account of secured debt, the remaining disputed facts are not material.

mortgage in the approximate amount of $74,683.95. On her Statement of Intention, the Debtor indicated her intent to surrender her interest in the Real Property.

On her Official Form 22A, the Debtor listed average monthly payments of $2,151.95 to the holder of the first mortgage, average monthly payments of $893.28 to the holder of the second mortgage, and monthly tax and insurance payments on the homestead in the amount of $616.45. The Debtor took a total deduction of $3,661.68 for secured debt payments.

The United States Trustee filed his Motion to Dismiss on October 15, 2008 [DE 28]. The United States Trustee contends that the Debtor's Official Form 22A should exclude payments on secured debt associated with the Real Property because the Debtor intends to surrender it. According to the United States Trustee, the plain meaning of the statute and congressional intent require this result. The United States Trustee argues that if payments on the first and second mortgages, taxes, and insurance relating to the Real Property are deducted from Official Form 22A, the presumption of abuse arises and the Debtor's case should be dismissed under 11 U.S.C. §§ 707(b)(1) and 707(b)(2).

II.    Analysis

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

The Court may dismiss a case filed by an individual with primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 707(b)(1). Section 707(b)(2) provides that the Court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of (I) 25 percent of the debtor's non-priority unsecured claims in the case, or $6,575, whichever is greater or (II) $10,950. The

foregoing is referred to as the "Means Test" and is calculated using Official Form 22A. When calculating a debtor's monthly expenses, the debtor's average monthly payments "on account of secured debts" includes "the total of all amounts scheduled as contractually due to secured creditors in each of month of the 60 months following the date of the petition." 11 U.S.C. § 707(b)(2)(A)(iii)(I).

When interpreting the phrase "scheduled as contractually due" in Section 707(b)(2)(A)(iii)(I), courts follow one of two approaches. The minority view does not permit the debtor to deduct secured payment obligations if the debtor intends to surrender the collateral associated with the secured debt. *See, e.g.*, *In re Ray*, 362 B.R. 680, 685 (Bankr. D. S.C. 2007). The majority view includes in the Means Test calculation deductions associated with secured payment obligations due at the time the petition is filed, whether or not the debtor intends to surrender the collateral, creating a bright-line or "snapshot" test. *In re Parada*, 391 B.R. 492, 497 (Bankr. S.D. Fla. 2008).

Three judges in this District have adopted the majority, "snapshot" approach. *In re Castillo*, 2008 Bankr. LEXIS 2740 (Bankr. S.D. Fla. Oct. 10, 2008) (Hyman, C.J.); *In re Parada*, 391 B.R. 492 (Bankr. S.D. Fla. 2008) (Isicoff, J.); *In re Benedetti*, 372 B.R. 90 (Bankr. S.D. Fla. 2007) (Cristol, J.). The undersigned agrees with and adopts the analyses in the foregoing decisions. This Court "will allow, for purpose of the means test calculation, a deduction from [current monthly income] for amounts that would have been due, but which Debtor may not pay, to secure creditors on account of property she intends to, and in fact does surrender after the petition date." *In re Benedetti*, 372 B.R. at 97.

III.     Conclusion

For the foregoing reasons, the Court determines that the Debtor's deductions on line 42 of Official Form 22A in the amount of $3,661.68 for payments related to debt secured by the Real Property are proper notwithstanding the Debtor's intent to surrender the Real Property. Consequently, the presumption of abuse in Section 707(b)(2) does not arise.

Accordingly, it is

**ORDERED AND ADJUDGED** that

(1)     The Motion to Dismiss [DE 28] is **DENIED IN PART** to the extent it is based on 11 U.S.C. § 707(b)(2); and

(2)     A status conference is set before the Honorable Erik P. Kimball to consider the Motion to Dismiss pursuant to 11 U.S.C. §§ 707(b)(1) and 707(b)(3) on Thursday, February 19, 2009 at 9:30 a.m., at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida.

###

Copies Furnished To:

Anita Foster, Debtor
Donald A Pickett, Esq.
Michael R Bakst, Esq.
Heidi A Feinman, Esq.

*Attorney Feinman shall serve a conformed copy of this order upon all parties in interest and shall file a Certificate of Service of same with the Clerk of the Court.*